**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Ernesto DePina, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Restaurant Depot, LLC,<br><br>Defendant. | Civil Action No. 1:25-cv-12320-FDS<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**LEAVE TO FILE GRANTED ON DECEMBER 4, 2025**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Ernesto DePina ("Plaintiff"), by and through his attorneys, makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge, against Defendant Restaurant Depot, LLC ("Defendant" or "Restaurant Depot").

## NATURE OF THE ACTION

1. Mass. Gen. Laws ch. 149, § 19B(2)(b) requires all applications for employment within the Commonwealth to contain a notice of job applicants' and employees' rights concerning lie detector tests.

2. Despite this abundantly clear mandate, until recently,[1] Defendant did not provide such written notice of rights in its Massachusetts job applications.

3. Under Mass. Gen. Laws ch. 149, § 19B(4), persons aggrieved by a violation of Mass. Gen. Laws ch. 149, § 19B(2) have a private right of action for such violations, for injunctive relief and damages, including minimum statutory damages of $500 per violation.

4. Mass. Gen. Laws ch. 149, § 19B(4) also expressly authorizes class actions,

[1] On information and belief, not until approximately April 2025.

providing that a civil action may be brought by a person "in his own name and on his own behalf, or for himself and, for other [sic] similarly situated."

5. Thus, pursuant to Mass. Gen. Laws ch. 149, § 19B(4), Plaintiff brings this action, on behalf of himself and those similarly situated, to redress Defendant's violations of Mass. Gen. Laws ch. 149, § 19B(2)(b).

## PARTIES

6. Plaintiff Ernesto DePina is a citizen of Massachusetts who resides in Fall River, Massachusetts. In or around March 2025, while located in Massachusetts, Plaintiff applied to work as a Front End Manager at Defendant's store in New Bedford, Massachusetts. However, in his Restaurant Depot Massachusetts-based job application, Plaintiff was not provided the notice of his rights concerning lie detector tests that is required by Mass. Gen. Laws ch. 149, § 19B(2)(b).

7. Defendant Restaurant Depot, LLC is a Delaware limited liability company with its principal place of business at 1710 Whitestone Expressway, Whitestone, New York 11357. Defendant operates throughout and employs a significant number of residents in Massachusetts. Defendant targets its job applications at prospective employees whom it knows to reside in Massachusetts.

## JURISDICTION AND VENUE

8. Jurisdiction is proper in this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2) because this is a class action in which at least one member of the class is a citizen of a state different from any Defendant, the amount in controversy exceeds $5 million, exclusive of interest and costs, and the proposed classes contain more than 100 members. Defendant removed this matter to this Court.

9. This court has personal jurisdiction over Defendant because a substantial portion of the events giving rise to this cause of action occurred here. Plaintiff is domiciled and suffered

his primary injury in this district.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

## FACTUAL ALLEGATIONS

### A. Defendant Violated the Massachusetts Lie Detector Statute

11. On December 16, 1985,[2] Massachusetts enacted 1985 Mass. Acts Chapter 587,[3] introduced as HB 6908[4] and codified at Mass. Gen. Laws ch. 149, § 19B.

12. Mass. Gen. Laws ch. 149, § 19B(2)(b) provides:

> All applications for employment within the commonwealth shall contain the following notice which shall be in clearly legible print:
>
> "It is unlawful in Massachusetts to require or administer a lie detector test as a condition of employment or continued employment. An employer who violates this law shall be subject to criminal penalties and civil liability."

13. In plain violation of the law, until recently, Defendant did not provide such written notice of rights in its applications for Restaurant Depot Massachusetts-based jobs.

14. Indeed, until recently, a search for the terms "lie detector" and/or "condition of employment" on Defendant's website listing job openings, information, and applications – jobs.chattr.ai/jetrord – yielded no results.

15. Plaintiff's counsel surveyed numerous job applications that Defendant has made publicly available via the *supra* website. Until recently, **none** of Defendant's job applications

---

[2] *See, e.g.*, 1985 Journal of the House of Representatives of the Commonwealth of Massachusetts (https://archives.lib.state.ma.us/handle/2452/796446); 1985 Bill History at p. 3388 (https://archives.lib.state.ma.us/bitstream/handle/2452/796446/1985-House-03-BillHistory.pdf?sequence=15&isAllowed=y).

[3] https://archives.lib.state.ma.us/handle/2452/40042.

[4] http://archives.lib.state.ma.us/handle/2452/602897.

viewed by Plaintiff's counsel complied with Mass. Gen. Laws ch. 149, § 19B(2)(b). *See* Ex. 1-2.[5]

16. Plaintiff and Class members were aggrieved because they were bona-fide applicants for jobs with Defendant, and Defendant deprived them of their statutorily guaranteed right to the notice provided for by Mass. Gen. Laws ch. 149, § 19B(2)(b).

**B. The Statute Provides For A Private Right When A Defendant Fails To Give The Required Notice**

17. The "Statute authorizes suit by '[a]ny person aggrieved by a violation of subsection (2),' **which includes the notice requirement**." *Baker v. CVS Health Corporation*, 717 F.Supp.3d 188, 193 (D. Mass., 2024) (citing Mass. Gen. Laws ch. 149, § 19B(4); Mass. Gen. Laws ch. 149, § 19B(2)(b)) (emphasis added).

18. This is confirmed by, *inter alia*, the Massachusetts Acts and Resolves – which "are chronological compilations of laws passed by the Massachusetts General Court within a particular legislative session[] . . . [and] provide the exact text of the law passed by the legislature[.]"[6] Specifically, 1985 Mass. Acts Chapter 587[7] (Mass. Gen. Laws ch. 149, § 19B's implementing Act) – which was signed by the Governor on December 16, 1985[8] – makes it

[5] Ex. 1 pertains to Job Reference # ca813d14-9ac8-46f2-9a2d-8014613fb646 (available at https://jobs.chattr.ai/jetrord/ca813d14-9ac8-46f2-9a2d-8014613fb646). Ex. 2 pertains to Job Reference # d68fe8d6 62fa-40d6-b30a-29e7af829827 (available at https://www.indeed.com/viewjob?jk=c1385e599c2c49f3 and https://jobs.chattr.ai/jetrord/d68fe8d6-62fa-40d6-b30a-29e7af829827). Note, Ex. 1 depicts a job application completed on Defendant's website listing job openings, information, and applications, jobs.chattr.ai/jetrord. Ex. 2 depicts a job application initiated on Indeed (through which Defendant collects job applicants' contact details, demographic information, and/or resumes) and continued on jobs.chattr.ai/jetrord. As shown by Ex. 2, after a job applicant is directed from Indeed to jobs.chattr.ai/jetrord, the job application process carries on in substantially the same manner as depicted in Ex. 1 (accounting for the fact that introductory questions have already been posed, and transitioning into the next set of relevant questions). Ex. 2 was captured after Defendant began providing the Mass. Gen. Laws ch. 149, § 19B(2)(b) notice of job applicants' and employees' rights concerning lie detector tests on jobs.chattr.ai/jetrord, but it shows that Defendant still did not include said notice on Indeed.

[6] https://www.mass.gov/guides/guide-to-compiling-a-massachusetts-legislative-history.

[7] https://archives.lib.state.ma.us/bitstream/handle/2452/40042/1985acts0587.pdf?sequence=4&isAllowed=y.

[8] *See* 1985 Bill History at p. 3388 (https://archives.lib.state.ma.us/bitstream/handle/2452/796446/1985-House-03-BillHistory.pdf?sequence=15&isAllowed=y).

crystal clear that paragraph (b)'s notice requirement is part of subsection (2), reading: "Paragraph (b) of subsection two of section nineteen B of chapter one hundred and forty-nine of the General Laws, as appearing in section one of this act, shall take effect on September thirtieth, nineteen hundred and eighty-six."[9]

19. The Massachusetts General Court's "Legislative Research and Drafting Manual"[10] (the "Manual") provides even further clarification. The Manual states, "[a]ll laws are organized by chapters and then sections of those chapters. The sections may be further broken down by subsections, clauses, paragraphs, subparagraphs, divisions, subdivisions and, ultimately, sentences and words."[11] The Manual includes an illustration of this:[12]

> Section 1
> (a)- followed by (b),(c), etc.- normally referred to as subsections
> (1)- followed by (2),(3), etc.- normally referred to as paragraphs
> (i)- followed by (ii),(iii), etc.- normally referred to as clauses
> (A)- followed by (B),(C), etc.- normally referred to as subclauses

20. As shown, per the Manual, Massachusetts statutory drafters "[d]esignate each subsection, paragraph, subparagraph or clause by a letter **or** number[;]"[13] a number/letter-alternating "pattern [is] used in the General Laws[.]"[14] In the Statute, the General Court established a "numbered" subsection – subsection (2). Then, it proceeded to the next step in the pattern, establishing a "lettered" paragraph – paragraph (b). So Mass. Gen. Laws ch. 149, § 19B(2)(b) is ordered as: Chapter: 149; Section: 19B; Subsection: (2); Paragraph: (b).

21. Thus, § 19B(4)'s "any person aggrieved by a violation of subsection (2)"

---

[9] https://archives.lib.state.ma.us/bitstream/handle/2452/40042/1985acts0587.pdf?sequence=4&isAllowed=y.

[10] https://archives.lib.state.ma.us/bitstream/handle/2452/47796/ocn549554381.pdf.

[11] *Id.* at 4.

[12] *Id.* at 5.

[13] *Id.*

[14] *Id.*

language clearly describes a person in Plaintiff's position: a job applicant who has suffered the infringement of their legal right to the notice required under Mass. Gen. Laws ch. 149, § 19B(2)(b).

22. The Statute's history further underscores this intent. The Statute has been amended three times:

- 1959 Mass. Acts Chapter 255, reading:[15]
  - No employer shall require or subject any employee to any lie detector tests as a condition of employment or continued employment. Any person violating this section shall be punished by a fine of not more than two hundred dollars.
- 1963 Mass. Acts Chapter 797, reading:[16]
  - Any employer who subjects any person employed by him, or any person applying for employment, to a lie detector test, or causes, directly or indirectly, any such employee or applicant to take a lie detector test, shall be punished by a fine of not more than two hundred dollars. This section shall not apply to lie detector tests administered by law enforcement agencies in the performance of their official duties.
- 1973 Mass. Acts Chapter 620, reading:[17]
  - Any employer who subjects any person employed by him, or any person applying for employment, including any person applying for employment as a police officer, to a lie detector test, or requests, directly or indirectly, any such employee or applicant to take a lie detector test, shall be punished by a fine of not more than two hundred dollars. This section shall not apply to lie detector tests administered by law enforcement agencies as may be otherwise permitted in criminal investigations.
- 1985 Mass. Acts Chapter 587 – the present-day Statute.[18]

23. The fact that the Massachusetts General Court deliberately added Mass. Gen. Laws ch. 149, § 19B(2)(b)'s requirement – that "[a]ll applications for employment within the commonwealth [] contain the [specified] notice … in clearly legible print[]" – to a 26-year-old law is proof that § 19B(2)(b) addresses an area of substantial concern to the Legislature. The very addition of § 19B(2)(b) to the Statue evinces its importance.

---

[15] https://archives.lib.state.ma.us/server/api/core/bitstreams/61dec0d4-05d0-4fcd-92f9-4a84258e290b/content.

[16] https://archives.lib.state.ma.us/server/api/core/bitstreams/9bdddc1d-e3b3-43c3-8f00-50cf252e4902/content.

[17] https://archives.lib.state.ma.us/server/api/core/bitstreams/0604de11-8941-483f-8237-87e41a0f824c/content.

[18] https://archives.lib.state.ma.us/server/api/core/bitstreams/81762855-7e75-4208-8860-9a17aca5e612/content.

## CLASS REPRESENTATION ALLEGATIONS

24. Plaintiff seeks to represent a class defined as

> All persons who applied for a Massachusetts-based position of employment with Defendant (the "Class").

25. Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

26. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to, whether Defendant's conduct as alleged herein violates Massachusetts law, including the provisions of Mass. Gen. Laws ch. 149, § 19B(2)(b); whether Plaintiff and Class members are entitled to damages and if so, in what amount; and whether Plaintiff and the other members of the Class are entitled to equitable relief, including but not limited to injunctive or declaratory relief.

27. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff applied for Massachusetts-based employment with Defendant. In his application for employment with Defendant, Plaintiff – like the rest of the Class – was not furnished the notice of rights that is required by Mass. Gen. Laws ch. 149, § 19B(2)(b).

28. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

29. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**COUNT I**
**Declaratory and Injunctive Relief**

30. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

31. Absent injunctive relief, Defendant may continue to violate the law and infringe upon the rights of Massachusetts job applicants.

32. Plaintiff asks this court to declare Defendant's conduct unlawful and enjoin Defendant from using and disseminating job application materials that do not comply with Mass. Gen. Laws ch. 149, § 19B(2)(b).

**COUNT II**
**Violation of Mass. Gen. Laws ch. 149, § 19B(2)(b)**

33. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

34. Massachusetts law explicitly requires that companies soliciting applications for employment include the following language on all Massachusetts job applications: “It is unlawful in Massachusetts to require or administer a lie detector test as a condition of employment or continued employment. An employer who violates this law shall be subject to criminal penalties and civil liability.” Mass. Gen. Laws ch. 149, § 19B(2)(b).

35. Until recently, Defendant did not include this statutorily-required language in its Massachusetts job applications, including the job applications filled out by Plaintiff and Class members.

36. Pursuant to Mass. Gen. Laws ch. 149, § 19B(4), Plaintiff and Class members seek statutory damages of not less than five hundred dollars per violation and reasonable attorney’s fees and costs as a result of Defendant’s violations of Mass. Gen. Laws ch. 149, 19B(2)(b).

## RELIEF DEMANDED

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a. For an order certifying the Class, naming Plaintiff as representative of the Class, and naming Plaintiff’s attorneys as Class Counsel to represent the Class;

b. For an order declaring that Defendant’s conduct violates the statute referenced herein;

c. For an order finding in favor of Plaintiff and the Class, on all counts asserted herein;

d. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For an order of restitution and all other forms of equitable monetary relief;

g. For an order enjoining Defendant from continuing the illegal practices detailed herein and compelling Defendant to undertake a corrective

advertising campaign; and

h. For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on all claims so triable.

Dated: December 4, 2025

Respectfully submitted,

**BIRNBAUM & GODKIN, LLP**

By: */s/ David S. Godkin*
David S. Godkin

David S. Godkin (BBO#196530)
James E. Kruzer (BBO#670827)
1 Marina Park Drive, Suite 1410
Boston, MA 02210
Telephone: (617) 307-6100
Email: godkin@birnbaumgodkin.com
kruzer@birnbaumgodkin.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese*
Matthew A. Girardi*
Julian C. Diamond*
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: jmarchese@bursor.com
mgirardi@bursor.com
jdiamond@bursor.com

*Attorneys for Plaintiff*

**Pro Hac Vice application forthcoming*