## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSSETTS

| | |
|---|---|
| Ernesto DePina, individually and on behalf of all others similarly situated, | Civil Action No. 1:25-cv-12320-FDS |
| Plaintiff, | |
| v. | |
| Restaurant Depot, LLC, | |
| Defendant. | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND AND, IN THE ALTERNATIVE, OPPOSITION TO DEFENDANT'S <u>MOTION TO DISMISS THE FIRST AMENDED COMPLAINT</u>

# TABLE OF CONTENTS

**PAGE(S)**

INTRODUCTION AND FACTUAL BACKGROUND ................................................................ 1

ARGUMENT ..................................................................................................................... 2

I.     Because Defendant Has Not Met its Burden to Show This Court
       Possesses Subject Matter Jurisdiction, This Matter Must be Remanded
       to the Suffolk County Superior Court .................................................................... 2

II.    Defendant's Conduct Supports an Award of Fees to Plaintiff............................... 4

III.   The Statute Provides a Private Right of Action for Violations of
       Subsection (2), Which Includes Paragraph (b) ...................................................... 6

IV.    Plaintiff Has Statutory Standing ......................................................................... 10

       A.     Plaintiff Properly Alleges "Aggrievement" Under the Statute ........................... 10

       B.     The Legislature Drafted The Statute to Confer Standing on
              Individuals Whose Statutory Rights Were Violated .............................................. 12

       C.     Defendant's Authorities Are Unpersuasive In Light of *Kenn* .............................. 14

CONCLUSION ................................................................................................................ 20

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*All. AFSCME/SEIU, AFL-CIO v. Com.*,
  427 Mass. 546 (1998) ................................................................................................ 17

*Amoche v. Guarantee Tr. Life Ins. Co.*,
  556 F.3d 41 (1st Cir. 2009) ......................................................................................... 3

*Baker v. CVS Health Corporation*,
  717 F.Supp.3d 188 (D. Mass. 2024) ........................................................................ 2, 7

*Board of Health of Sturbridge v. Board of Health of Southbridge*,
  461 Mass. 548 (2012) ............................................................................................ 15, 18

*Bos. Edison Co. v. Bos. Redevelopment Auth.*,
  374 Mass. 37 (1977) ................................................................................................... 10

*Collier v. SP Plus Corp.*,
  889 F.3d 894 (7th Cir. 2018) ....................................................................................... 3

*Commonwealth v. Harris*,
  443 Mass. 714 (2005) ................................................................................................ 14

*Danca v. Private Health Care Sys., Inc.*,
  185 F.3d 1 (1st Cir.1999) ............................................................................................. 3

*First Christian Church v. Brownell*,
  332 Mass. 143 (1955) ................................................................................................ 16

*Furtado v. Plymouth*,
  451 Mass. 529, (2008) ............................................................................................... 14

*Garcia v. Right at Home, Inc.*,
  2016 WL 3144372 (Mass. Super. Jan. 19, 2016) ...................................................... 16

*Gen. Motors Corp. v. Darling's*,
  444 F.3d 98 (1st Cir. 2006) .......................................................................................... 7

*Ginther v. Commissioner of Ins.*,
  427 Mass. 319 (1998) ............................................................................................ 15, 18

*Goldman v. Sec'y of Exec. Off. of Health & Hum. Servs.*,
  101 Mass. App. Ct. 427 .............................................................................................. 17

*Group Ins. Comm'n v. Labor Relations Comm'n,*
  381 Mass. 199 (1980) ................................................................................. 15

*Hamani v. Com., Off. of Pub. Safety & Sec., Dep't of Crim. Just. Info. Servs.,*
  2014 WL 7506859 (Mass. Super. Dec. 11, 2014) ........................................ 16

*Harvard L. Sch. Coal. for C.R. v. President & Fellows of Harvard Coll.,*
  413 Mass. 66 (1992) ................................................................................... 18

*Harvard Real Estate-Allston, Inc. v. Kmart Corp.,*
  407 F. Supp. 2d 317 (D. Mass. 2005) ........................................................... 6

*Hein v. Freedom From Religion Found., Inc.,*
  551 U.S. 587 (2007) ...................................................................................... 2

*Higgins v. Dep't of Env't Prot.,*
  64 Mass. App. Ct. 754 (2005) ..................................................................... 20

*Hoffman v. Howmedica, Inc.,*
  373 Mass. 32 (Mass. 1977) .......................................................................... 12

*Hongyu Luo v. Tao Ceramics Corp.,*
  2014 WL 3048679 (Mass. Super. Apr. 10, 2014) ......................................... 9

*Irabor v. Lufthansa Airlines,*
  427 F. Supp. 3d 222 (D. Mass. 2019) ........................................................... 3

*Kenn v. Eascare, LLC,*
  103 Mass. App. Ct. 643 (2024) ............................................. 10, 11, 13, 16

*Kenner v. Zoning Bd. of Appeals of Chatham,*
  459 Mass. 115 (2011) .................................................................................. 18

*Kuong v. Wong,*
  2013 WL 6579800 (Mass. Super. June 13, 2013) ....................................... 10

*Loc. 1445, United Food & Com. Workers Union v. Police Chief of Natick,*
  29 Mass. App. Ct. 554 (1990) ............................................................... 10, 17

*Lynch v. Signal Fin. Co. of Quincy,*
  367 Mass. 503 (1975) .................................................................................. 16

*Maine Ass'n of Interdependent Neighborhoods v. Comm'r, Me. Dep't of Hum. Servs.,*
  876 F.2d 1051 (1st Cir. 1989) ...................................................................... 4

*Massachusetts Elec. Co v. Massachusetts Comm'n Against Discrimination*,
    375 Mass. 160 (1978) ................................................................................... 15, 18

*Murchison v. Zoning Bd. Of Appeals of Sherborn*,
    485 Mass. 209 (2020) .................................................................................. 15, 18

*Niedzinski v. Cooper*,
    2019 WL 4396806 (D. Mass. Aug. 14, 2019) .......................................................... 2, 4

*Payne-Joseph v. Rocket Mortg., LLC*,
    2025 WL 3171041 (D. Mass. Nov. 12, 2025) .............................................................. 4

*Phone Recovery Servs., LLC v. Verizon of New England, Inc.*,
    480 Mass. 224, (2018) ......................................................................................... 10

*Plazzi v. FedEx Ground Package Sys., Inc.*,
    52 F.4th 1 (1st Cir. 2022) ................................................................................. 3, 4

*Preston v. Nagel*,
    166 F. Supp. 3d 92 (D. Mass. 2016) ......................................................................... 3

*Pyle v. Sch. Comm. of S. Hadley*,
    423 Mass. 283 (1996) ........................................................................................... 7

*Saint Cyr v. JPMorgan Chase Bank, N.A.*,
    2025 WL 2977935 (D. Mass. Oct. 22, 2025) ............................................................. 4

*Schwesinger v. Hurley*,
    2014 WL 1311756 (D. Mass. Mar. 31, 2014) ............................................................. 5

*Stone v. Zoning Bd. of Appeals of Northborough*,
    496 Mass. 366, 263 N.E.3d 818 (2025) .................................................................... 18

*Sweenie v. A.L. Prime Energy Consultants*,
    451 Mass. 539 (2008) .......................................................................................... 18

*Tesla Motors MA, Inc.*,
    469 Mass. 675 ................................................................................................... 13

*TransUnion LLC v. Ramirez*,
    594 U.S. 413 (2021) ............................................................................................. 2

*Union Trust Co. v. McGinty*,
    212 Mass. 205 (1912) .......................................................................................... 13

*United States v. Lachman*,
   387 F.3d 42 (1st Cir. 2004) ................................................................................ 7

*US Bank v. Nelson*,
   36 N.Y.3d 998 (N.Y. 2020) .............................................................................. 17

*Young v. Healey*,
   2020 WL 5995213 (D. Mass. Oct. 9, 2020) ...................................................... 3

**STATUTES**

28 U.S.C. §§ 1441 .................................................................................................. 3

28 U.S.C. § 1447 ......................................................................................... 1, 2, 4, 6

28 U.S.C. §§ 1453 .................................................................................................. 3

Mass. Gen. Laws ch. 12, § 11H ........................................................................... 19

Mass. Gen. Laws ch. 12, § 11I ............................................................................. 19

Mass. Gen. Laws ch. 30A, § 14 ..................................................................... 15, 17

Mass. Gen. Laws ch. 31, § 2 ................................................................................ 19

Mass. Gen. Laws ch. 40A, § 17 ........................................................................... 17

Mass. Gen. Laws ch. 91, § 18 .............................................................................. 19

Mass. Gen. Laws ch. 149, § 19B ..................................................................Passim

Mass. Gen. Laws ch. 151B, § 5 ............................................................... 15, 17, 18

Mass. Gen. Laws ch. 160, § 81 ............................................................................ 20

Mass. Gen. Laws ch. 175, § 206D ....................................................................... 17

**REGULATIONS**

310 Mass. Code Regs. 9.02 ............................................................................ 19, 20

**OTHER AUTHORITIES**

HB 1123 ............................................................................................................ 9, 14

HB 5408 ................................................................................................................ 14

Plaintiff Ernesto DePina ("Plaintiff") respectfully submits the following memorandum in opposition to Defendant Restaurant Depot, LLC's ("Restaurant Depot" or "Defendant") Motion to Dismiss the First Amended Complaint (ECF No. 17) ("MTD").

## INTRODUCTION AND FACTUAL BACKGROUND

Mass. Gen. Laws ch. 149, § 19B(2)(b) (the "Statute") requires all applications for employment within Massachusetts to contain a notice of job applicants' and employees' rights concerning lie detector tests. *See* Plaintiff's First Amended Class Action Complaint (ECF No. 14) ("FAC") ¶ 1. Despite this clear mandate, until recently, Defendant did not provide such written notice of rights in its Massachusetts job applications. *Id.* ¶ 2. Plaintiff, a citizen and resident of Massachusetts, applied for employment at a Restaurant Depot location in Massachusetts but was not provided the notice of his rights concerning lie detector tests that is required by Mass. Gen. Laws ch. 149, § 19B(2)(b). *Id.* ¶ 6. Thus, pursuant to Mass. Gen. Laws ch. 149, § 19B(4), Plaintiff brought this action, on behalf of himself and those similarly situated, to redress Defendant's violations. *Id.* ¶ 5.

Defendant's MTD centers around three arguments: (1) the Court lacks subject matter jurisdiction because there is no Article III standing; (2) the Statute does not afford a private right of action for Plaintiff's claim; and (3) Plaintiff is not a "person aggrieved" under the Statute.

Initially, because it was Defendant that removed this action from the Suffolk County Superior Court (*see* ECF No. 1), it is Defendant, not Plaintiff, that bears the burden of demonstrating that the court has subject-matter jurisdiction over the case. Given that Defendant has now taken a completely contradictory position, this matter must be remanded to the Suffolk County Superior Court pursuant to 28 U.S.C. § 1447(c), and Plaintiff requests his fees and costs incurred in moving to remand and in preparing an opposition motion in the incorrect venue.

To the extent the Court finds it possesses jurisdiction and considers the merits of the MTD, Defendant's arguments fail. The "Statute authorizes suit by '[a]ny person aggrieved by a violation of subsection (2),' **which includes the notice requirement**." *Baker v. CVS Health Corporation*, 717 F.Supp.3d 188, 193 (D. Mass. 2024) (emphasis added). And the Statute's "any person aggrieved by a violation of subsection (2)" language clearly describes a person in Plaintiff's position: a job applicant who has suffered the infringement of their right to the notice required under Mass. Gen. Laws ch. 149, § 19B(2)(b). If the Court decides not to remand, Defendant's motion should thus be denied in its entirety.

## ARGUMENT

I.     **BECAUSE DEFENDANT HAS NOT MET ITS BURDEN TO SHOW THIS COURT POSSESSES SUBJECT MATTER JURISDICTION, THIS MATTER MUST BE REMANDED TO THE SUFFOLK COUNTY SUPERIOR COURT**

"Article III confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). "[O]ne of the controlling elements in the definition of a case or controversy under Article III is standing." *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 598 (2007) (cleaned up). If standing is lacking, the Court cannot hear this case because there is no "case" in the legal sense to be heard. *See TransUnion*, 594 U.S. at 423 ("Under Article III, federal courts do not adjudicate hypothetical or abstract disputes."). Accordingly, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Here, because Defendant removed this action to this Court, Defendant is the party invoking federal jurisdiction, and it thus bears the burden of establishing Plaintiff's standing to sue. *See Niedzinski v. Cooper*, 2019 WL 4396806, at *2 (D. Mass. Aug. 14, 2019), *report and recommendation adopted sub nom. Niedzinski v. Nationstar Mortg. LLC*, 2019 WL 4396772 (D. Mass. Sept. 11, 2019) ("[t]he removing party bears the burden of demonstrating that the court has

subject-matter jurisdiction over the action.") (citing *Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 48 (1st Cir. 2009)); *Preston v. Nagel*, 166 F. Supp. 3d 92, 97 (D. Mass. 2016) ("In the First Circuit, a removing defendant bears the burden of proving that the federal court has subject matter jurisdiction.") (citing *Danca v. Private Health Care Sys., Inc.*, 185 F.3d 1, 4 (1st Cir.1999)); *Irabor v. Lufthansa Airlines*, 427 F. Supp. 3d 222, 228 (D. Mass. 2019) ("The removing defendant bears the burden of demonstrating the subject-matter jurisdiction of the federal court.") (citation omitted).    Although in its removal papers Defendant states that "[r]emoval is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter jurisdiction over this Action and all claims asserted against Restaurant Depot," (ECF 1 ¶ 4), Defendant now argues the exact opposite.  *See* MTD at 5 ("Plaintiff does not carry his burden of establishing that he suffered an injury-in-fact, and therefore lacks Article III standing."). [1]  That is improper – regardless of whether Defendant asserts that Plaintiff also lacks statutory standing. *See, e.g.*, *Plazzi v. FedEx Ground Package Sys., Inc.*, 52 F.4th 1, 8 n.7 (1st Cir. 2022) ("[Defendant] argues that Plaintiffs 'also lacked standing to sue in Massachusetts state court.' This contention would be more suitably raised in the Massachusetts courts, if remand to state court is deemed appropriate. … We note that judicial resources could likely have been spared if [Defendant] had raised this argument in state court rather than removing the action."); *id.* (noting the defendant's "'dubious strategy [of removing the case and then seeking dismissal based on Article III standing] has resulted in a significant waste of federal judicial resources, much of which was avoidable'") (quoting *Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018));

---

[1] Moreover, "[u]nder Article III of the Constitution, standing is a prerequisite to subject matter jurisdiction that [courts] must address, *sua sponte* if necessary, when the record reveals a colorable standing issue." *Young v. Healey*, 2020 WL 5995213, at *1 (D. Mass. Oct. 9, 2020) (cleaned up).  Thus, the Court cannot just accept Defendant's notice of removal as a concession that there is Article III standing.  The Court must evaluate Article III standing for itself.

*Niedzinski*, 2019 WL 4396806, at *6-7 ("Defendant contends that Plaintiff has pleaded only a per se injury[.] … [But] Defendant's own conduct has brought about the issue it now protests. Defendant removed the action to this Court, and in the Court's view, improperly.").

As recognized by even Defendant's authority, if there is a lack of federal subject matter jurisdiction, this matter must be remanded to the Suffolk County Superior Court pursuant to 28 U.S.C. § 1447(c). *See, e.g.*, *Saint Cyr v. JPMorgan Chase Bank, N.A.*, 2025 WL 2977935, at *4 (D. Mass. Oct. 22, 2025) ("Because the Court finds a lack of Article III standing, a jurisdictional defect, 'the proper course is remand.'") (quoting *Maine Ass'n of Interdependent Neighborhoods v. Comm'r, Me. Dep't of Hum. Servs.*, 876 F.2d 1051, 1054 (1st Cir. 1989)); *Maine Ass'n*, 876 F.2d at 1054 ("the literal words of [28 U.S.C. § 1447(c)], saying that the case 'shall' (not 'may') be remanded[.]"); *Plazzi v. FedEx Ground Package Sys., Inc.*, 52 F.4th 1, 7-8 (1st Cir. 2022) (largely same) (collecting cases); *Payne-Joseph v. Rocket Mortg., LLC*, 2025 WL 3171041, at *1 (D. Mass. Nov. 12, 2025) ("If the Court finds that the plaintiff in a removed action lacks standing, it must remand the case to state court.") (citing *Plazzi*, 52 F.4th at 7; 28 U.S.C. § 1447); *Niedzinski*, 2019 WL 4396806, at *6-7 ("Defendant contends that … Plaintiff has failed to sufficiently plead an injury in fact[.] … 28 U.S.C. § 1447 states in relevant part: 'If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case <u>shall</u> be remanded' to the state court.") (citation omitted) (emphasis in original).

## II.    DEFENDANT'S CONDUCT SUPPORTS AN AWARD OF FEES TO PLAINTIFF

Because Defendant was repeatedly warned that its Article III arguments were improperly raised, yet persisted, Plaintiff requests the Court retain jurisdiction over this case for the limited purpose of considering a motion for an award of his attorneys' fees incurred in moving to remand and opposing Defendant's motion to dismiss in the wrong venue.

On December 16, 2025, Defendant informed Plaintiff that it intended "to move to dismiss

Mr. DePina's Amended Complaint" in part "for lack of Article III standing[.]"  Diamond Decl. ¶

7.  That day, Plaintiff requested that Defendant "please advise your basis for challenging the

jurisdiction of the Court that you removed the case to" and noted that "if you intend to challenge

Article III standing, we will seek remand and our fees incurred in doing so[,]" and provided case

law supporting Plaintiff's position.  *Id.* ¶ 8.  Defendant did not respond and filed its MTD.  *Id.*

Then, on December 23, 2025, Defendant requested that "Mr. DePina stipulate that he did not

experience any harm or injury." *Id.* ¶ 9.  Plaintiff replied, informing Defendant that "Mr. DePina

is not required to make any such stipulation[, because, a]s the removing party, it is Defendant's

burden to establish Article III standing." *Id.*  Plaintiff requested that Defendant "[p]lease advise

if you either (1) intend to concede that there is Article III standing in Federal Court, as is

Defendant's burden for removal, or (2) if you will join us in a motion to remand the case to state

court." *Id*. "Otherwise, we will seek remand ourselves, and our costs and fees incurred in doing

so." *Id*.  Defendant did not respond, so on December 29, 2025, Plaintiff informed Defendant that

"[i]n conjunction with our opposition to Defendant's motion to dismiss, we will be moving to

remand this case to MA Superior Court." *Id.* ¶ 10.  Plaintiff requested that Defendant "[p]lease

let me know by close of business tomorrow if Defendant will agree to jointly stipulate to/move

for a remand to obviate the need for this motion (and for our opposition)" and stated that

"[o]therwise, consistent with the case law I shared with you, we will seek our fees and costs

incurred in association with so moving." *Id.*  Defendant replied that day, stating it "disagree[d]

that the case should be remanded or that fees or costs would be appropriate." *Id.*

      As is clear from the case law that Plaintiff's counsel provided to Defendant on December

18, before Defendant filed the MTD, Defendant is wrong. *See* Diamond Decl. Ex. F (email

correspondence, providing citations), *see also Schwesinger v. Hurley*, 2014 WL 1311756, at *5

(D. Mass. Mar. 31, 2014) ("courts may award attorney's fees under § 1447(c) [] where the removing party lacked an objectively reasonable basis for seeking removal.") (cleaned up); *Harvard Real Estate-Allston, Inc. v. Kmart Corp.*, 407 F. Supp. 2d 317, 322 (D. Mass. 2005) ("The justification for the award of attorney's fees is especially strong in a case such as this where, on a spurious basis, the defendant delayed the summary process procedure by invoking the removal procedures of the federal court…When such a process is necessary because a party has removed without an objectively reasonable basis for federal jurisdiction, § 1447(c) directs payment of just costs and any actual expenses, incurred as a result of the removal.") (cleaned up). Given Defendant's conduct, in particular its refusal to agree to joining a motion to remand that that would entirely obviate these issues, an award of fees, costs, and expenses is appropriate here. Should the Court agree, Plaintiff will promptly provide records of his fees, costs and expenses incurred to the Court for the Court's consideration.

## III.    THE STATUTE PROVIDES A PRIVATE RIGHT OF ACTION FOR VIOLATIONS OF SUBSECTION (2), WHICH INCLUDES PARAGRAPH (B)

Defendant asserts that "[s]ubsection (4)[] … permits private suits to enforce only § 19B(2), thereby omitting private causes of action to enforce the notice provision in § 19B(2)(b)." MTD at 9. Defendant also refers to "§ 19B(2)(b) [as one of] the [statute's] subsections[.]" *Id.* Defendant is wrong. Paragraph (b) is a paragraph of "subsection (2)," not a separate "subsection (2)(b)."

The MTD at 9-10 and *Auguste v. G4S Secure Sols. (USA), Inc.*, No. CV2014-3311-BLS1, at *13-14 (Mass. Super. Apr. 25, 2016) rely on the slightly different language in Mass. Gen. Laws ch. 149, § 19B(3) and 19B(4) to support the proposition that (2) and (2)(b) should be treated distinctly. This argument was discussed at length in the *Baker v. CVS* defendants' Motion to Dismiss the First Amended Complaint. As Judge Saris held, the argument is not persuasive:

> CVS also argues that the Lie Detector Statute does not authorize suits to enforce its notice provision. Statutory interpretation starts with the plain

6

> language of the statute. *See United States v. Lachman*, 387 F.3d 42, 50 (1st Cir. 2004). **Here, the Lie Detector Statute authorizes suit by "[a]ny person aggrieved by a violation of subsection (2)," which includes the notice requirement.** Mass. Gen. Laws ch. 149, § 19B(4); *see id.* § 19B(2)(b). CVS's appeals to the Lie Detector Statute's legislative history are unavailing because the statutory language is unambiguous. *See Gen. Motors Corp. v. Darling's*, 444 F.3d 98, 108 (1st Cir. 2006).

*Baker*, 717 F. Supp. 3d at 192–93 (D. Mass. 2024); *see also Pyle*, 423 Mass. at 285 ("Where the language of a statute is clear and unambiguous, it is conclusive as to legislative intent."). When ruling on four consolidated motions to dismiss in lie detector cases, *Ababio v. Nike Retail Servs., Inc.*, No. 2584CV01134-BLS1, *Shi v. Bloomingdales, LLC*, No. 2584CV01138-BLS1, *Lamas v. Warby Parker, Inc.*, No. 2584CV01164-BLS1, and *Alexandrovicz v. Walmart, Inc.*, No. 2584CV01352-BLS1 (the "Consolidated Cases"),[2] Judge Barry-Smith agreed with *Baker*:

> Relying mostly on a 2016 superior court decision[, *Auguste*], defendants argue that Section 19B(4) does not authorize a civil cause of action for violation of the *notice* requirement found in Section 19B(2)(b), but instead authorizes a civil claim only for the *use* of a lie detector test, prohibited in Section 19B(2). … Because the Legislature used different terms in subsections (3) and (4), defendants assert that the statute must be interpreted to honor that difference, and subsection (3)'s reference to subsection (2) must mean the text following the numerical marker for subsection (2), but not include subparagraphs 2(a) and 2(b). *See Auguste*, at *14.

> I disagree. Defendants' interpretation illogically requires, without explanation, that I ignore standard convention with respect to the numbering and ordering of statutory sections, subsections, and subparagraphs. Subsection 4's reference to subsection 2 necessarily includes *all* of subsection 2, including its subparagraphs 2(a) and 2(b). In *Baker v. CVS Corp.*, the United States District Court reached the same conclusion[.] … 717 F. Supp. 3d 188, 193 (D. Mass. 2024). Moreover, there is nothing inherently ambiguous, absurd, or nonsensical about subsections (3) and (4) providing criminal and civil remedies for the same scope of conduct, but using different words to refer to the prohibited conduct under the statute, where the meaning of those words is straightforward.

Diamond Decl., **Exhibit A** at 6-7.

---

[2] *See* Declaration of Julian Diamond ("Diamond Decl."), **Exhibit A**.

Indeed, the statute is unambiguous.  This is confirmed by, *inter alia*, the Massachusetts Acts and Resolves – which "'are chronological compilations of laws passed by the Massachusetts General Court within a particular legislative session[] . . . [and] provide the exact text of the law passed by the legislature[.]'" FAC ¶ 18.  Specifically, "1985 Mass. Acts Chapter 587 (Mass. Gen. Laws ch. 149, § 19B's [session law]) – which  was signed by the Governor on December 16, 1985 – makes it crystal clear that paragraph (b)'s notice requirement is part of subsection (2), reading:

'**<u>Paragraph (b) of subsection two</u>** of section nineteen B of chapter one hundred and forty-nine of the General Laws, as appearing in section one of this act, shall take effect on September thirtieth, nineteen hundred and eighty-six.'" *Id.* (emphasis added).  The Massachusetts Legislature could not have been clearer.  It did not set forth "(b)" as "subsection three" or "subsection five."  It made (b) a paragraph of, and thus a part of, subsection two.  By definition, a violation of (2)(b) is "a violation of subsection (2)[.]"  *See* Mass. Gen. Laws ch. 149, § 19B(4).

The Massachusetts General Court's "Legislative Research and Drafting Manual" (the "Manual") provides even further clarification.  The Manual states, "'[a]ll laws are organized by chapters and then sections of those chapters. The sections may be further broken down by subsections, clauses, paragraphs, subparagraphs, divisions, subdivisions and, ultimately, sentences and words.'" FAC ¶ 19.  The Manual includes an illustration of this:

> Section 1
>    (a)- followed by (b),(c), etc.- normally referred to as subsections
>       (1)- followed by (2),(3), etc.- normally referred to as paragraphs
>          (i)- followed by (ii),(iii), etc.- normally referred to as clauses
>             (A)- followed by (B),(C), etc.- normally referred to as subclauses

*Id.*  "[P]er the Manual, Massachusetts statutory drafters '[d]esignate each subsection, paragraph, subparagraph or clause by a letter <u>or</u> number[;]' a number/letter-alternating 'pattern [is] used in the General Laws[.]'" *Id.* ¶ 20.  This means there is no such thing in Massachusetts as a 'subsection

(2)(b)' (*see* MTD at 9).  Subsections are not designated with a number/letter combination.

Put succinctly, the Massachusetts General Court established a "numbered" subsection – subsection (2).  Then, it proceeded to the next step in the pattern, establishing a "lettered" paragraph – paragraph (b).  So Mass. Gen. Laws ch. 149, § 19B(2)(b) is ordered as: Chapter: 149; Section: 19B; Subsection: (2); Paragraph: (b).  Accordingly, § 19B(4)'s "any person aggrieved by a violation of subsection (2)" language clearly describes a person in Plaintiff's position: a job applicant who has suffered the infringement of their legal right to the notice required under Mass. Gen. Laws ch. 149, § 19B(2)(b).

It is therefore impossible for the words "subsection (2)" in § 19B(4) to be "narrow[er]" than the words "any provision" in § 19B(3).  *See* MTD at 9.  The words "subsection (2)" encompass **all** violable provisions.  And the word 'any' does not equate to 'both' or 'more.'  *See id.*  In fact, an earlier draft of the Statute described *supra* – HB 1123[3] – used the words "**any** violation of a provision of this section" (emphasis added) even though HB 1123 did not include 'both' or 'more' types of violations (testing and notice).  Thus, Mass. Gen. Laws ch. 149, § 19B(4) is clear: the Massachusetts Legislature intended to confer a private right of action to persons whose rights were violated – whether under § 19B(2), § 19B(2)(b), or both.

Defendant contends this "cannot be what the legislature intended."  MTD at 10 (cleaned up).  But "Massachusetts has a strong interest in ensuring that those who purposefully transact business in Massachusetts comply with Massachusetts law."  *Hongyu Luo v. Tao Ceramics Corp.*, 2014 WL 3048679, at *4 (Mass. Super. Apr. 10, 2014).  And for an entity like Defendant, which was apparently slow to adjust its job applications to respect its job applicants' rights and comply with the Commonwealth's laws, "damages [can serve] to deter callous and intentional violations

---

[3] Diamond Decl., **Exhibit B**.

9

of the law, and to promote prelitigation settlements[.]" *Kuong v. Wong*, 2013 WL 6579800, at *6 (Mass. Super. June 13, 2013). Moreover, compliance is neither expensive nor difficult. All Defendant must do to comply is (1) include the required notice in its applications and (2) refrain from administering lie detector tests. Instead, Defendant chose to ignore the law.

## IV.    PLAINTIFF HAS STATUTORY STANDING

### A.    Plaintiff Properly Alleges "Aggrievement" Under the Statute

Defendant argues, "[t]o qualify as a 'person aggrieved,' a person must allege substantial injury as the direct result of the action complained of." MTD at 10 (cleaned up). That argument is incorrect in light of the Appeals Court of Massachusetts' clear recent instruction that, "'[t]o determine whether [the plaintiff] has standing, we look to the statute itself.'" *Kenn v. Eascare, LLC*, 103 Mass. App. Ct. 643, 650 (2024) (quoting *Phone Recovery Servs., LLC v. Verizon of New England, Inc.*, 480 Mass. 224, 227, (2018)).

*Kenn* is particularly instructive in applying this analysis. In that case, plaintiff Kenn (a job applicant) alleged that defendant Eascare (an employer) "willfully provided a disclosure and authorization form that violated FCRA, injuring the plaintiff and those similarly situated" because it did not contain legally required notices. *See id.* at 644–45. The Appeals Court of Massachusetts correctly recognized that the requirements for standing in Massachusetts are analyzed on a statute-by-statute basis. *See id.* at 650 (collecting citations); *see also Loc. 1445, United Food & Com. Workers Union v. Police Chief of Natick*, 29 Mass. App. Ct. 554, 558 (1990) ("When a statute confers standing in relation to particular subject matter, that statute, rather than more general ideas about standing, governs who may initiate legal action in relation to the subject matter."); *Bos. Edison Co. v. Bos. Redevelopment Auth.*, 374 Mass. 37, 46 (1977) ("when an issue involves an area of law governed by a specific statute with a standing requirement, that issue is governed by the standing requirements of the particular statute and not by a general grant of standing[.]").

10

The Appeals Court held, "[u]nder the plain language of FCRA, the plaintiff alleged a legal injury for which Eascare is liable."  *Kenn*, 103 Mass. App. Ct. at 651.  *Kenn* specifically noted, "the FCRA liability provision recognizes that the injury to the consumer may not be measurable. Thus, in an action for a willful violation, … if the plaintiff cannot prove actual damages, [they can receive] nominal damages between one hundred dollars and $1,000."  *Id.*  Even more on point, *Kenn* held "**the plaintiff alleged the violation of her legal rights under FCRA, which, if proved, entitles her to damages under FCRA**."  *Id*. at 652 (emphasis added).  The court also noted that the plaintiff's injury was "not 'speculative, remote, and indirect' as a matter of State law."  *Id.*

The Appeals Court distinguished cases where "the plaintiff's allegations plausibly suggest a particularized, nonspeculative violation of [the statute at issue]" from "cases holding that plaintiffs' injuries are too speculative or remote to bestow standing under common law" because the latter "concern hypothetical future injuries premised on a certain set of facts occurring, that is, allegation[s] that an injury might have occurred if a series of events transpired."  *Id.* at 652 (quotation marks omitted) (collecting cases); *id.* at 652–53 ("Nor is the injury to the plaintiff 'indirect.' She received a noncompliant disclosure form[.] … [T]he plaintiff is not acting as a self-constituted private attorney general pursuing a purely vicarious claim.").

Further, the Appeals Court recognized the ability of the Massachusetts Legislature to grant a statutory right and permit persons to sue to vindicate that right, even if their harms may be difficult to quantify:

> [N]othing … suggests that our Legislature would not be permitted to create a statutory scheme providing compensation for plaintiffs whose legal rights are infringed, but who are not identifiably injured thereby, in order to deter such practices — as Congress has done in FCRA.

*Id* at 653.

Just like Kenn, Plaintiff applied for a position of employment with Defendant and was

deprived of a statutorily required notice, thereby suffering the infringement of his legal right. FAC ¶ 21. Like the FCRA, the Statute recognizes that the injury may not be easily quantified and accordingly makes statutory damages available. *See* Mass. Gen. Laws ch. 149, § 19B(4) (for a "violation of subsection (2)[,]" the "awarded damages shall equal or exceed a minimum of five hundred dollars[.]"). And Plaintiff's injury is not speculative, remote, and indirect. That is, Plaintiff is not acting as a self-constituted private attorney general pursuing a purely vicarious claim; instead, he and other Class Members "were aggrieved because they were bona-fide applicants for jobs with Defendant, and Defendant deprived them of their statutorily guaranteed right to the notice provided for by Mass. Gen. Laws ch. 149, § 19B(2)(b)." FAC ¶ 16.

## B.    The Legislature Drafted The Statute to Confer Standing on Individuals Whose Statutory Rights Were Violated

Several features of the Statute further mark the Massachusetts Legislature's intent to confer standing to a person whose rights were violated – whether under § 19B(2), § 19B(2)(b), or both.

*First*, Mass. Gen. Laws ch. 149, § 19B(2)(b) requires employers to provide applicants with notice of their rights, irrespective of whether they administer "lie detector test[s]" at the job application stage. *See* Mass. Gen. Laws ch. 149, § 19B(2)(b) ("**All** applications for employment within the commonwealth shall contain the following notice which shall be in clearly legible print[.]") (emphasis added). That is, the Legislature was concerned by job applications violative of **both** § 19B(2) and § 19B(2)(b). *See, e.g.*, *Hoffman v. Howmedica, Inc.*, 373 Mass. 32, 37 (Mass. 1977) ("the statutory language itself is the principal source of insight into the legislative purpose.") (citation omitted). This is because the Statute's area of concern is not exclusively "job application[s] … [in which individuals] actually took a 'lie detector test[,]'" as Defendant posits. MTD at 2. Instead, the Commonwealth desired to curtail the proliferation of lie detector tests at **all** stages of employment – even after the application process has concluded. *See* Mass. Gen. Laws

ch. 149, § 19B(2)(b) (referencing "lie detector test as a condition of employment or **continued**

**employment**") (emphasis added).  So the Legislature took a two-pronged approach: it both

outlawed lie detector tests and set out the statutorily-required notice so that every person who could

possibly work within the Commonwealth would be aware of their rights.

*Second*, Defendant ignores the history of the Statute.  *See Tesla Motors MA, Inc.*, 469 Mass.

675 at 684 n.14 ("numerous cases of this court, addressing standing issues in a variety of contexts,

have held that we find the intended area of concern, and hence the interests that the Massachusetts

Legislature intended to protect, based on consideration not only of the language of a statute, but

also on an examination of its history[.]").  The Statute has been amended three times since its

enactment in 1959, and the notice requirement was not added until 1985.  *See* FAC ¶ 22 (showing

amendment history).  "It is strong proof of a legislative purpose to change the pre-existing law of

the commonwealth." *Union Trust Co. v. McGinty*, 212 Mass. 205, 208 (1912).  Clearly, the fact

that the Massachusetts General Court deliberately added Mass. Gen. Laws ch. 149, § 19B(2)(b)'s

requirement to a 26-year-old law is proof that § 19B(2)(b) addresses an area of substantial concern

to the Massachusetts Legislature.  The very addition of § 19B(2)(b) makes clear its importance.

*Third*, the Statute makes statutory damages available to plaintiffs alleging violations of §

19B(2)(b).  *See* Mass. Gen. Laws ch. 149, § 19B(4) (for a "violation of subsection (2)[,]" the

"awarded damages shall equal or exceed a minimum of five hundred dollars[.]").  Thus, the

"Legislature … create[d] a statutory scheme providing compensation for plaintiffs whose legal

rights are infringed, but who are not identifiably injured thereby, in order to deter such practices[.]"

*Kenn*, 103 Mass. App. Ct. at 653.

*Fourth*, the drafting history of the Statute demonstrates that the Massachusetts Legislature

specifically debated between providing a private right of action to persons "aggrieved" versus

persons "injured" by violations, and intentionally implemented the former in conjunction with the § 19B(2)(b) notice violation.[4]  This change counsels in favor of reading the Statute as not requiring a separate injury-in-fact.  *See, e.g.*, *Furtado v. Plymouth*, 451 Mass. 529, 537 n.14, (2008) (the "decision of the Legislature to adopt one form of a proposed bill and not another may highlight the intended meaning of the adopted language"); *Commonwealth v. Harris*, 443 Mass. 714, 736 (2005) (Marshall, C.J., concurring in part and dissenting in part) ("The deletion of a provision in a pending bill discloses the legislative intent to reject the proposal. Courts should be slow to put back that which the legislature has rejected") (cleaned up).

### C.    Defendant's Authorities Are Unpersuasive In Light of *Kenn*

Finally, Defendant refers the Court to the Consolidated Cases and *Whitney v. Hertz Corp.*, Case No. 2584CV01165-BLS2, Dkt. 18 (Mass. Super. Dec. 1, 2025), which incorporates the Consolidated Cases' reasoning.  The Consolidated Cases held:

> At the threshold, I agree with defendants that I should look to other statutes using the same terms as § 19B to determine the meaning of "person aggrieved." …
>
> Here, a survey of other statutory standing provisions is useful to determine the meaning of "person aggrieved" when the Legislature does not otherwise define that term.
>
> 1. <u>Zoning Appeals under G.L. c. 40A</u>. … Zoning law precedent exemplifies that it is not always enough for a plaintiff to identify a violation of the law. "[E]stablishing standing requires a plaintiff to do

---

[4] The Statute, as enacted, includes two types of violations – § 19B(2) ("testing" violations) and § 19B(2)(b) ("notice" violations) – and § 19B(4) affords a private right of action to persons "aggrieved" by either.  In contrast, earlier drafts of the Statute included only the former, "testing" violation and afforded a private right of action only to persons "injured."  *See* Diamond Decl., **Exhibit B** (HB 1123) (including no "notice" violation and reading: "Any person discharged or discriminated against for the assertion of rights arising hereunder or otherwise **injured** as a result of any violation of this section may seek injunctive relief including reinstatement with full rights and benefits and shall be compensated by his employer or prospective employer …") (emphasis added); **Exhibit C** (HB 5408) (including no "notice" violation and reading: "In addition to the remedies otherwise provided by law, any person **injured** by a violation of this section may bring a civil action to recover any and all damages recoverage at law[.]") (emphasis added).

more than merely allege a zoning violation." *Murchison* [*v. Zoning Bd. Of Appeals of Sherborn*, 485 Mass. 209, 214 (2020)]. …

2. Administrative Appeals under G.L. c. 30A. The Massachusetts Administrative Procedures Act, G.L. c. 30A, authorizes a civil action for judicial review of an agency decision to any party "aggrieved by [the] final decision of [a State] agency in an adjudicatory proceeding." G.L. c. 30A, § 14. The SJC has interpreted this clause to mean that "a party must be aggrieved in a 'legal sense' and show that 'substantial rights' have been 'prejudiced.'" *Board of Health of Sturbridge v. Board of Health of Southbridge*, 461 Mass. 548, 557 (2012), *quoting Group Ins. Comm'n v. Labor Relations Comm'n*, 381 Mass. 199, 202-203 (1980).

3. Employment Discrimination under G.L. c. 151B. Chapter 151B governing employment discrimination authorizes suit by "[a]ny person claiming to be aggrieved by an alleged unlawful practice." G.L. c. 151B, § 5. That authority for "persons aggrieved" to file suit has long been interpreted to require a "substantial injury" as the direct result of the unlawful action. *Massachusetts Elec. Co v. Massachusetts Comm'n Against Discrimination*, 375 Mass. 160, 177 (1978). …

4. Appeals from Insurance Commissioner Decisions under G.L. c. 175. … Interpreting "person aggrieved["] under this statute, the SJC drew from precedent interpreting the same term in employment discrimination statutes, zoning appeals, and administrative appeals[.] … *Ginther* [*v. Commissioner of Ins.*, 427 Mass. 319, 322-323 (1998)]. …

The case law interpreting "person aggrieved" consistently requires a plaintiff to establish a nonspeculative harm that is more than minimal or slightly appreciable. … [Here, t]he deprivation indeed infringed plaintiffs' *legal* right – in receiving a required disclosure – but any harm was de minimis, purely technical, not an appreciable harm. Such a plaintiff is not a person aggrieved, and lacks standing.

… [F]or a company that does not use lie detector tests, the harm that flows from the absence of statutory notice is speculative. The harm from the absence of a warning moves beyond speculation only with respect to employers who actually use lie detector tests. For plaintiffs in these cases, the alleged harm from not receiving the disclosure remains speculative.

Diamond Decl., **Exhibit A** at 7-13.  In so holding, Defendants' authorities disregard the ability of

the Massachusetts Legislature to grant a statutory right and permit persons to sue to vindicate that

right, even if their harms may be difficult to quantify.  This was rejected in the Appeals Court's

comprehensive analysis in *Kenn*. *Kenn*, like this case, concerned an employer that "depriv[ed the plaintiff] of a clear recitation of her rights[.]" *Kenn*, 103 Mass. App. Ct. at 645 (cleaned up). *Kenn* held, "nothing … suggests that our Legislature would not be permitted to create a statutory scheme providing compensation for plaintiffs whose legal rights are infringed, but who are not identifiably injured thereby, in order to deter such practices[.]" *Id.* at 653 (cleaned up).

Keeping with *Kenn*, Massachusetts courts interpreting a wide variety of statutes have regularly held that statutory standing, including "aggrievement," merely requires an infringement of a legal right. *See, e.g.*, *Hamani v. Com., Off. of Pub. Safety & Sec., Dep't of Crim. Just. Info. Servs.*, 2014 WL 7506859, at *5 (Mass. Super. Dec. 11, 2014) (Applying Massachusetts Criminal Offender Record Information (CORI) Law and holding that "proving actual damages in these types of cases could prove difficult. … [So] Section 177 provides a method of enforcing the statute … regardless of whether the aggrieved person could prove actual damages."); *Lynch v. Signal Fin. Co. of Quincy*, 367 Mass. 503, 505–07 (1975) (Applying Massachusetts Truth-in-Lending Act (repealed)[5] and holding that "recovery is by the party aggrieved and … there is no requirement of actual harm, and no attempt to make the damages proportional to the harm."); *Garcia v. Right at Home, Inc.*, 2016 WL 3144372, at *5 (Mass. Super. Jan. 19, 2016) (Applying Massachusetts Employer Record-Keeping Laws and holding that "defendants contend that the plaintiffs are not 'aggrieved' by virtue of not receiving accurate pay slips. An aggrieved person is broadly defined, however, to include anyone who has suffered some infringement of legal rights.") (citations omitted); *First Christian Church v. Brownell*, 332 Mass. 143, 146–47 (1955) (Applying Massachusetts Probate Law and holding that "[t]he crucial words for the purposes of these cases are 'person aggrieved.' … It is settled that to be a person aggrieved it must appear that he has some

---

[5] Diamond Decl., **Exhibit D**.

pecuniary interest, **some personal right**, or some public or official duty resting upon him, affected by the decree.") (emphasis added) (cleaned up).

Conversely, the MTD and the Consolidated Cases rely on several cases evaluating standing under non-analogous statutes: Mass. Gen Laws. Ch. 30A, § 14 (Massachusetts Administrative Procedures Act); Mass. Gen. Laws. Ch 40A, § 17 (Massachusetts Zoning Act); Mass. Gen. Laws. Ch 151B, §§ 5 and 9 (Massachusetts Fair Employment Practices Law, prohibiting employment discrimination); and Mass. Gen. Laws. Ch 175, § 206D (Massachusetts Insurance Holding Company System Regulatory Act).  However, as stated *supra*, the requirements for standing in Massachusetts are analyzed on a statute-by-statute basis. *Loc. 1445*, 29 Mass. App. Ct. at 558.

The citations to cases concerning the Administrative Procedures Act, Zoning Act, and Insurance Holding Company System Regulatory Act are reflective of the reality that in Massachusetts, like most states, standing doctrine has largely developed in contexts other than consumer and worker protection statutes – specifically, "public rights" suits against state or local governmental entities by residents, taxpayers, voters, or others.  *See, e.g.*, *US Bank v. Nelson*, 36 N.Y.3d 998, 1003–06 (N.Y. 2020) (Wilson, J., concurring) (describing history of modern standing rulings).  To the extent that such "public rights" cases tend to require an injury-in-fact to establish standing, that is because those cases, unlike this one, directly implicate the principle of the separation of powers.  "By insisting that the parties who seek [Massachusetts courts'] assistance have standing, that is that a personal interest [be] directly affected, … [the courts] respect both principles: no citizen whose rights have been infringed is left without a remedy; yet [the courts] do not intrude into the business of a coequal branch in the course of a controversy that is to any degree remote or abstract."  *All. AFSCME/SEIU, AFL-CIO v. Com.*, 427 Mass. 546, 549 (1998); *see also Goldman v. Sec'y of Exec. Off. of Health & Hum. Servs.*, 101 Mass. App. Ct. 427, 438,

*review denied*, 490 Mass. 1108 (2022) (concluding otherwise "would cast the courts in the role of deciding generalized grievances[ regarding] … agency action[.]").  The instant matter does not concern a "generalized grievance" about agency action, let alone agency action at all.  Rather, Plaintiff challenges the specifically regulated conduct of a private entity.

Case law involving Mass. Gen. Laws ch. 151B, §§ 5 and 9, meanwhile, relates to employment discrimination.  In that context, it would likewise make sense for standing to require an additional injury[6] because the "central focus" of ch. 151B is whether a bad actor "penalizes" a victim "because of their race, color, religion, sex, or national origin." *Harvard*, 413 Mass. at 69. To "penalize" means to inflict a penalty[7] – a "disadvantage, loss, or hardship due to some action[.]"[8]  In contrast, the Statue at issue does not require a "penalty" be suffered.  *See supra*.

Furthermore, the cases cited by the MTD (at 10-11) and the Consolidated Cases involved either (1) suits where the plaintiff was not within the class of individuals protected by the statute at issue or (2) alleged harms that were belied by the evidentiary record.[9]  But again, Plaintiff's

---

[6] *See, e.g.*, *Harvard L. Sch. Coal. for C.R. v. President & Fellows of Harvard Coll.*, 413 Mass. 66, 69 (1992) ("that an individual has to be within the employment relationship and has to have suffered injury as a result of a prohibited practice"); *Massachusetts Elec. Co. v. Massachusetts Comm'n Against Discrimination*, 375 Mass. 160, 178 (1978) (that a person "sustain any direct injury as a result of [a] company's alleged discriminatory practices.").

[7] Merriam-Webster, *Penalize*, https://www.merriam-webster.com/dictionary/penalize.

[8] Merriam-Webster, *Penalty*, https://www.merriam-webster.com/dictionary/penalty.

[9] *See, e.g.*, *Bd. of Health of Sturbridge v. Bd. of Health of Southbridge*, 461 Mass. 548, 559–60 (2012) ("[T]here is no indication of how close any of the members of the citizen groups may live to the landfill and, therefore, no indication as to what direct or specific impact the proposed modification of the landfill may have on any of them."); *Ginther v. Comm'r of Ins.*, 427 Mass. 319, 323 (1998) ("The plaintiffs have not alleged facts that place them within the area of concern of the statute."); *Harvard*, 413 Mass. 66, 68–70 (1992) ("[A]n individual has to be within the employment relationship and has to have suffered injury as a result of a prohibited practice in order to have a cause of action under § 9. … The plaintiffs were neither employees nor applicants for employment at the law school."); *Kenner v. Zoning Bd. of Appeals of Chatham*, 459 Mass. 115, 120–21 (2011) ("[W]here a municipality's zoning bylaw specifically provides that the zoning board of appeals should take into consideration the visual impact of a proposed structure, this defined protected interest may impart standing to a person whose impaired interest falls within that

injury here is not speculative, remote, or indirect.  Plaintiff is not acting as a self-constituted private attorney general pursuing a purely vicarious claim; instead, he and other Class Members "were aggrieved because they were bona-fide applicants for jobs[.]"  FAC ¶ 16.  And his rights were directly violated by Defendant's failure to give statutorily-required notice.  *Id.* ¶ 6.  Plaintiff is thus aggrieved.

Had the Massachusetts Legislature wished to provide a civil remedy only to those who have been made to take a lie detector test, it would have drafted the statute differently to expressly limit the term "aggrieved."  It has regularly done so in the past:

- **Mass. Gen. Laws Ann. ch. 12, § 11I – Massachusetts Civil Rights Act,** titled "Violations of constitutional rights; civil actions by aggrieved persons; costs and fees"
  - "Any person … described in section 11H[] may institute and prosecute in his own name and on his own behalf a civil action[.]"; *see also* Mass. Gen. Laws Ann. ch. 12, § 11H(a)(1) (describing persons facing "threats, intimidation or coercion, or attempt[s] to interfere by threats, intimidation or coercion, with the exercise or enjoyment … of rights[.]").
- **Mass. Gen. Laws Ann. ch. 31, § 2(b) – Massachusetts Civil Service Law**
  - "No person shall be deemed to be aggrieved … unless such person has made specific allegations … that a decision, action, or failure to act … was in violation of this chapter[] … and said allegations shall show that such person's rights were abridged, denied, or prejudiced in such a manner as to cause actual harm to the person's employment status."
- **Mass. Gen. Laws Ann. ch. 91, § 18 – Massachusetts Public Waterfront Act**
  - "Any person aggrieved by a decision by the department … shall have the right to an adjudicatory hearing[.]"; *see also* 310 Mass. Code Regs. 9.02 ("Aggrieved

---

definition. … [But] the Kenners did not put forth credible facts to support their allegation[.]") (cleaned up); *Massachusetts Elec. Co.*, 375 Mass. at 178 ("The union as a union did not sustain any direct injury as a result of the company's alleged discriminatory practices."); *Murchison v. Zoning Bd. of Appeals of Sherborn*, 485 Mass. 209, 215, 149 N.E.3d 334, 340 (2020) ("The evidence did not demonstrate harm particular to the plaintiffs, different from general concerns shared by the rest of the neighborhood."); *Stone v. Zoning Bd. of Appeals of Northborough*, 496 Mass. 366, 379, 263 N.E.3d 818, 832 (2025) ("In assessing the plaintiffs' standing[,] … the judge could not consider hypothetical future uses of [the] proposed warehouse unsupported by the summary judgment record, and it was error for the Appeals Court panel to require the judge to do so."); *Sweenie v. A.L. Prime Energy Consultants*, 451 Mass. 539, 545 (2008) ("[In a contrasting case,] the plaintiffs established the link between the bylaw and themselves by producing evidence of the actual visible impact on their property. Here, the plaintiffs produced no credible evidence to bring themselves within the legal scope of the protected interest created by the bylaw.").

Person means any person who, because of a decision by the Department … may suffer an injury in fact[.]"); *Higgins v. Dep't of Env't Prot.*, 64 Mass. App. Ct. 754, 757 (2005) ("[S]tanding depends on whether they are persons aggrieved as defined in 310 Code Mass. Regs. §§ 9.02 and 9.17(1)(b), quoted above.").

- **Mass. Gen. Laws Ann. ch. 160, § 81 – Massachusetts Railroads Law**
  o "An owner of land aggrieved by the location of a railroad crossing his land in such manner as to be of grievous damage, which could be avoided without serious injury to others, may … petition the department[.]").

Thus, as articulated by another session of this court examining Mass. Gen. Laws ch. 149, § 19B(2)(b): "There's clearly statutory standing[.]" *See Baker v. CVS Health Corporation*, No. 1:23-cv-11483-PBS (D. Mass.) October 30, 2023 Hearing Tr. at 9:18-19.[10]

## CONCLUSION

For the foregoing reasons, the Court should remand this case to Massachusetts Superior Court, and retain jurisdiction for the limited purpose of considering a forthcoming motion for fees and costs from Plaintiff.  In the alternative, Defendant's motion should be denied in full.

Dated: January 2, 2026                    Respectfully submitted,

                                          **BIRNBAUM & GODKIN, LLP**

                                          By: */s/ David S. Godkin*
                                                 David S. Godkin

                                          David S. Godkin (BBO#196530)
                                          James E. Kruzer (BBO#670827)
                                          1 Marina Park Drive, Suite 1410
                                          Boston, MA 02210
                                          Telephone: (617) 307-6100
                                          Email: godkin@birnbaumgodkin.com
                                                   kruzer@birnbaumgodkin.com

                                          **BURSOR & FISHER, P.A.**
                                          Joseph I. Marchese*
                                          Julian C. Diamond*
                                          1330 Avenue of the Americas, 32nd Floor
                                          New York, NY 10019

---

[10] Diamond Decl., **Exhibit E**.

Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: jmarchese@bursor.com
       jdiamond@bursor.com

**BURSOR & FISHER, P.A.**
Matthew A. Girardi*
50 Main St., Ste. 475
White Plains, NY 10506
Telephone: (914) 874-0708
Facsimile: (914) 206-3656
Email: mgirardi@bursor.com

*Attorneys for Plaintiff*

***Pro Hac Vice forthcoming***

21