**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ERNESTO DEPINA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RESTAURANT DEPOT, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.
25-12320-FDS

**MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION TO REMAND**

**SAYLOR, J.**

This is an action based on an alleged violation of the Massachusetts lie-detector statute, Mass. Gen. Laws ch. 149, § 19B(4).  Plaintiff Ernesto DePina applied to work for defendant Restaurant Depot, LLC.  The application, however, did not inform him of his right not to be subject to a lie-detector test as a condition of his employment, as required under Massachusetts law.  He sued in Suffolk Superior Court individually and on behalf of a putative class.  Defendant removed the case to this court based on the Class Action Fairness Act, 28 U.S.C. § 1332(d).  After the case was removed, plaintiff filed an amended complaint.

Defendant has now moved to dismiss the complaint (1) for lack of subject-matter jurisdiction because plaintiff lacks Article III standing and (2) for failure to state a claim upon which relief can be granted.  Plaintiff does not contest that he lacks Article III standing, but contends that the case should be remanded to state court rather than dismissed.

For the following reasons, the court lacks subject-matter jurisdiction over the matter, and it will be remanded to Suffolk Superior Court.

I.    **Background**

    A.    **Factual Background**

The following facts are as alleged in the amended complaint.

Ernesto DePina resides in Fall River, Massachusetts.  (Am. Compl. ¶ 6, Dkt. No. 14).  In March 2025, he applied to work as a "Front End Manager" at a Restaurant Depot store in New Bedford, Massachusetts.  (*Id.*).  According to the complaint, when he applied, the application did not inform him of his rights under the Massachusetts lie-detector statute.  (*Id.*)

That statute provides that all applications for employment in Massachusetts must include the following notice:

> It is unlawful in Massachusetts to require or administer a lie detector test as a
> condition of employment or continued employment.  An employer who violates
> this law shall be subject to criminal penalties and civil liability.

Mass. Gen. Laws ch. 149, § 19B(2)(b).[1]

    B.    **Procedural Background**

The initial complaint was filed in state court on June 25, 2025.  (Compl., Dkt. No. 1-1).  Defendant was served with the complaint on August 6, 2025.  (Notice of Removal ¶ 2, Dkt. No. 1).  Defendant removed to this court on August 20, 2025.  (Notice of Removal).

After removal, defendant moved to dismiss the complaint on the grounds that the court lacked subject-matter jurisdiction and that the complaint failed to state a claim upon which relief can be granted.  (Mot. to Dismiss, Dkt. No. 7).  Plaintiff filed an amended complaint in response. (Am. Compl.).  Defendant then moved to dismiss the amended complaint on the same grounds as in its initial motion.  (Mot. to Dismiss Am. Compl., Dkt. No. 16).

---

[1] Although the complaint includes additional paragraphs under the heading "Factual Allegations," they are merely legal argument, and do not further describe the factual circumstances of the case, such as any injury plaintiff suffered as a result of the defendant's alleged statutory violation.

2

In opposition to defendant's renewed motion to dismiss, plaintiff filed a motion to remand to state court. (Mot. to Remand, Dkt. No. 18). In the motion, plaintiff did not contest that he lacked Article III standing. (Memo. Supp. Mot. to Remand 2-4, Dkt. No. 19). Instead, he argued that the proper remedy for lack of standing would be remand to state court rather than dismissal. (*Id.*). He also asserted that the amended complaint did, in fact, state a claim. (*Id.* at 6-20).

## II.    Standard of Review

To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). When determining whether a complaint satisfies that standard, a court must assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences. *See Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

**III.    Analysis**

**A.    Subject-Matter Jurisdiction**

Article III standing requires that a plaintiff suffer an injury-in-fact that is fairly traceable to the defendant's conduct and that would be redressed through a favorable judicial decision.  *See Diamond Alt. Energy, LLC v. Environmental Prot. Agency*, 145 S. Ct. 2121, 2133 (2025).  The relevant consideration here is the injury-in-fact requirement.  To satisfy the constitutional requirement, an injury-in-fact must be "concrete"—that is, it must be "real, and not abstract." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (quoting *Spokeo, Inc. v. Robbins*, 578 U.S. 330, 340 (2016)).  For an intangible harm—that is, a harm that is neither monetary or physical— to be concrete, it must have a "close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts."  *Id.*

In this case, plaintiff alleges only what has been termed an "informational injury."  *See id.* at 2214.  In *TransUnion*, the Supreme Court suggested that a plaintiff must identify "downstream consequences" from a failure to obtain certain information to establish a concrete injury.  *See id.* And the circuit courts to address the issue after *TransUnion* have so held.  *See Grae v. Corrections Corp. of Am.*, 57 F.4th 567, 570 (6th Cir. 2023) ("Since *TransUnion*, the courts of appeals have consistently recognized that, to have standing, a plaintiff claiming an informational injury must have suffered adverse effects from the denial of access to information."); *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 308 (2d Cir. 2024) (holding that "a plaintiff must show some causal connection between the [informational injury] and the downstream harm" to satisfy Article III standing requirement).

The amended complaint identifies no "downstream consequences" that plaintiff suffered as a result of defendant's failure to include the required lie-detector notice.  It does not allege that he was subject to a lie-detector test at any point during his application to work for defendant, or

4

that he would have acted differently in any manner if he did receive the required notice. Accordingly, the complaint does not allege that he suffered a constitutionally adequate injury-in-fact, and he lacks standing as a result, as other sessions of this court have held in similar cases. *See Saint Cyr v. JPMorgan Chase Bank, N.A.*, 2025 WL 2977935, at *4 (D. Mass. Oct. 22, 2025); *Crane v. The Cheesecake Factory Inc.*, 2025 WL 4066478, at *2-3 (D. Mass. Dec. 8, 2025).

### B.    Whether the Case Should be Dismissed or Remanded

The only remaining question is whether the case should be dismissed or remanded to state court. Remand under 28 U.S.C. § 1447(c) is mandatory. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a removed case], the case *shall be* remanded." *Id.* (emphasis added).

A possible wrinkle is that plaintiff filed an amended complaint after the complaint was removed to federal court. The Supreme Court recently recognized, albeit in a different context, that "an amendment can wipe the jurisdictional slate clean." *Royal Canin U.S.A., Inc. v. Wullschleger*, 145 S. Ct. 41, 51 (2025). Accordingly, there is at least an argument that because plaintiff was the most recent party to invoke federal jurisdiction, the proper remedy is dismissal rather than remand. Nonetheless, because § 1447(c) appears to apply to all actions removed from state court, even following amendment, and because its language is mandatory, "the proper course is remand." *Maine Ass'n of Interdependent Neighborhoods v. Commissioner, Me. Dep't of Hum. Servs.*, 876 F.2d 1051, 1054 (1st Cir. 1989) (quoting *Langford v. Gates*, 610 F. Supp. 120, 122-23 (C.D. Cal. 1985)).

## IV.    Conclusion

For the foregoing reasons, plaintiff's motion to remand is GRANTED, and this matter is hereby REMANDED to Suffolk Superior Court.

**So Ordered.**

/s/  F. Dennis Saylor IV

F. Dennis Saylor IV

Dated:  July 14, 2026

United States District Judge

6